IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 09-41754 |
| | ) | CHAPTER 11 |
| CHOOPS RESTAURANT GROUP, LLC, | ) | |
| Debtor. | ) | |
| | ) | |

## NOTICE OF MOTION

TO:   See attached

    PLEASE TAKE NOTICE THAT on February 18, 2010 at the hour of 10:00 a.m., **RIDGESTONE BANK'S MOTION FOR RELIEF FROM AUTOMATIC STAY**, shall be heard by the Honorable Judge Hollis of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, in Room 644 at 219 S. Dearborn St., Chicago, Illinois. A copy of same is attached hereto and thereby served upon you. You may appear if you so see fit.

CHUHAK & TECSON, P.C.

## AFFIDAVIT OF SERVICE

    I, Francisco E. Connell, an attorney, certify that I served the foregoing by electronically through the Court's ECF / Pacer system to the persons identified, with the exception of Choops Restaurant Group, LLC which was Overnighted on February 11, 2010.

s\ Francisco E. Connell<br>Francisco E. Connell

CHUHAK & TECSON, P.C.
Attorney for Ridgestone Bank
33 South Wacker Drive, Suite 2600
Chicago, Illinois 60606
(312) 444-9300

954866.1.19918.39805

## SERVICE LIST

Choops Restaurant Group, LLC (*Debtor*)
19 South LaSalle, Suite 1500
Chicago, IL 60603

Ernesto D. Borges
Law Offices of Ernest Borges
105 W. Madison Street, 23rd Floor
Chicago, IL 60602
312-853-0200
aferreria@bill-busters.com

Karen J. Porter
Porter Law Network
230 W. Monroe, Suite 240
Chicago, IL 60606
312-372-4160
kjplawnet@aol.com

William T. Neary (*U.S. Trustee*)
Office of the U.S. Trustee, Region 11
219 S. Dearborn St., Room 873
Chicago, IL 60604
312-866-5785

David P. Vallas
WILDMAN, HARROLD, ALLEN & DIXON, LLP
225 West Wacker Drive, Suite 3000
Chicago, IL 60606
312-201-2000

Timothy Rowells
Starr & Rowells
35 East Wacker, Suite 1870
Chicago, IL 60601

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 09-41754 |
| CHOOPS RESTAURANT GROUP, LLC, | ) ) ) ) | CHAPTER 11 |
| Debtor. | | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

Ridgestone Bank ("Ridgestone"), a secured creditor in the captioned Chapter 11 case, by its attorneys, CHUHAK & TECSON, P.C., and pursuant to 11 U.S.C. §362, moves this Honorable Court for relief from the automatic stay. In support of its Motion, Ridgestone states as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (G) and (O). Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

2. This Chapter 11 case commenced on or about November 3, 2009, when the Debtor, Choops Restaurant Group, LLC ("Choops" or "Debtor"), filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code.

3. Ridgestone's interest in this proceeding arises out of a commercial loan (the "Loan") from Ridgestone to Choops. as evidenced by a U.S. Small Business Administration Note (the "Note"), dated December 23, 2008 in the principal amount of $1,178,000.00. A true and correct copy of the Note is attached hereto as Exhibit 1 and incorporated herein by reference. The Note is secured pursuant to the terms of a Commercial Security Agreement (the "Security Agreement") between Ridgestone and Choops that is also dated December 23, 2008. A true and correct copy of the Security Agreement is attached hereto as Exhibit 2 and incorporated herein by reference.

4. Pursuant to the terms of the Security Agreement and as security for the Loan, Choops granted Ridgestone a security interest in various property more fully identified on page 1

of the Security Agreement as the "Collateral" which includes all equipment, fixtures, inventory, accounts and instruments See Security Agreement, p. 2.

5. Plaintiff perfected its security interest by filing a UCC-1 Financing Statement with the Illinois Secretary of State on December 24, 2008, recorded as document number 13909857, a true and correct copy of which is attached as Exhibit 3 and incorporated herein by reference. Accordingly, there can be no dispute that Ridgestone has a perfected secured interest in Choops' person property collateral, including all, equipment, fixtures, inventory, accounts, instruments and other personal property interests ("the Collateral"), whether existing at the time of the Security Agreement, or acquired thereafter. Choops's Schedule D, a true and correct copy of which is attached as Exhibit 4 confirms Ridgestone's Security Interest in its Collateral.

6. Upon information and belief, and pursuant to Debtor's own Schedule B, Debtor has no equity in the Collateral pledged to Ridgestone in connection with the Security Agreement and the Collateral is not necessary for a successful reorganization by the Debtor. Moreover, upon information and belief, the restaurant equipment as identified in Debtor's Bankruptcy Schedule B is depreciating in value. A copy of Schedule B is attached hereto as Exhibit 5.

7. Choops is currently in default on it's Loan obligation based on it's failure to make the payment due on June 1, 2009, or any payment due thereafter. Ridgestone accelerated the balance due on the Note and made demand upon Choops for payment of the total sum of any and all outstanding and unpaid advances made by Ridgestone, plus interest and charges due thereon. Although demand has been made, Choops has refused to repay said sum or any sums to Ridgestone. The Statement of Default is attached hereto as Exhibit 6, and incorporated herein by reference.

8. Upon information and belief, Choops has no equity in the Collateral pledged to Ridgestone in the Security Agreement. As such, Ridgestone seeks relief from the automatic stay

specifically, as to that collateral located at Debtor's restaurant location at the 8705 S. Stony Island, Chicago, Illinois (the "Stony Island Collateral). Further, there is no prospect of reorganization as to this particular restaurant location that renders the Collateral necessary to the Choops' estate.

9. Ridgestone is entitled to relief from the automatic stay for the following reasons: (a) the Debtor has no equity in the Stony Island Collateral pledged to Ridgestone to secure the Loan; (b) the Stony Island Collateral is not necessary for any plan of reorganization of Debtor. A copy of the proposed order for relief from the automatic stay is attached hereto.

WHEREFORE, Ridgestone Bank prays for an order for relief from the automatic stay so that it may pursue collection of its Stony Island Collateral and for such other and further relief as this Honorable Court deems just and appropriate.

Respectfully Submitted,

**RIDGESTONE BANK**

By: /s/ _____
One of its Attorneys

Edmond M. Burke (#6276406)
Chuhak & Tecson, PC.
30 S. Wacker Drive
Suite 2600
Chicago, IL 60606

954752.1.19918.39805                    - 3 -